Jeremiah ORDONEZ, Petitioner–
Appellant,

v.

Lawrence A. TAFOYA and the Attor-
ney General for the State of New
Mexico, Respondents–Appellees.

No. 01–2079.

United States Court of Appeals,
Tenth Circuit.

July 18, 2001.

Before EBEL, KELLY and LUCERO,
Circuit Judges.

ORDER AND JUDGMENT *

EBEL, Circuit Judge.

Petitioner–Appellant Jeremiah Ordonez
("Ordonez") filed a Petition for a Writ of
Habeas Corpus ("Petition") pursuant to 28
U.S.C. § 2254 in the United States District
Court for the District of New Mexico on

---

* After examining appellant's brief and the ap-
pellate record, this panel has determined
unanimously that oral argument would not
materially assist the determination of this ap-
peal. See Fed. R.App. P. 34(a)(2) and 10th
Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This Order

and Judgment is not binding precedent, ex-
cept under the doctrines of law of the case,
res judicata, and collateral estoppel. The
court generally disfavors the citation of orders
and judgments; nevertheless, an order and
judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

May 19, 2000. (*See* Doc. 1.) In his Petition, Ordonez argued that his state convictions for Armed Robbery and Conspiracy to Commit Armed Robbery, which arose from a single criminal incident: (1) violated Double Jeopardy under *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); (2) were not supported by sufficient evidence of guilt; and (3) were tainted by an error in the jury instructions offered at Ordonez's trial. (*See id.* at 3.)

The Petition was assigned to a United States Magistrate Judge who, in an Order dated February 13, 2001, recommended the Petition be dismissed. (*See* Doc. 13.) The Magistrate Judge found: (1) each crime, Armed Robbery and Conspiracy to Commit Armed Robbery, required proof of an element that the other crime did not, and thus Ordonez's convictions on both charges did not violate Double Jeopardy under *Blockburger;* (2) the evidence, which included eye witness identification of Ordonez and stolen property found in Ordonez's possession immediately following the robbery, was sufficient to support Ordonez's conviction; and (3) the error in the jury instructions did not render Ordonez's trial fundamentally unfair. (*See id.* at 2–6.) Over Ordonez's objection (*see* Doc. 14), the District Court adopted the Magistrate Judge's findings and dismissed Ordonez's Petition on February 28, 2001. (*See* Doc. 16.)

Ordonez filed Notice of Appeal on March 9, 2001. (*See* Doc. 17.) On Match 19, 2001, the District Court denied Ordonez's request for a certificate of appealability ("COA"). (*See* Doc. 18.)

■ Under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"),[1] a state prisoner appealing a district court's denial of habeas relief under § 2254 must obtain a COA before we may consider the merits of his claim. *See* 28 U.S.C. § 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of a denial of a constitutional right ." *See* 28 U.S.C. § 2253(c)(2). Because the District Court denied Ordonez's request for a COA, we must first decide whether to issue the requested COA before we may address his claims on the merits. *See United States v. Simmonds,* 111 F.3d 737, 740–41 (10th Cir. 1997).

■ For substantially the same reasons as those relied upon by the District Court to dismiss Ordonez's Petition, we find that Ordonez has not made a "substantial showing of a denial of a constitutional right" and thus that COA must be denied.

This appeal is DISMISSED.

---

1. Because the Petition was filed after April 24, 1996, the effective date of the AEDPA, AEDPA's provisions apply to this case. *See, e.g., Rogers v. Gibson,* 173 F.3d 1278, 1282 n.

1 (10th Cir .1999) (citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)).